Umashankar and Saritha Ravi
14322 Heather Knoll Parkway
Carmel, IN  46074
(317) 603-0302

December 10, 2021

**VIA ECF AND EMAIL**

Hon. Gregory H. Woods
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: ***Ravi, et al. v Citigroup Global Markets Holdings, Inc.,* 1:21-cv-02223-GHW-KNF (SDNY)**

Dear Gregory H. Woods,

In response to Doc 31 (Report and Recommendation), plaintiffs Umashankar Ravi and Saritha Ravi, objection to the recommendation that the defendant's motion to dismiss, Docket Entry No. 22, be granted.

In Doc 31 - Report and recommendation page 3 Defendant Contentions section mention

"The defendant contends that the plaintiffs "are investors who purchased certain exchange traded notes issued by CGMHI—the Velocity Shares 3x Long Crude Oil ETNs—in the secondary market (the 'UWT ETNs')" and they attempt "to manufacture a common law fraud to recoup investment losses they allegedly sustained when the UWT ETNs were redeemed by CGMHI as authorized by the UWT ETNs' governing prospectus pricing supplement (the 'Pricing Supplement')," which is referenced in the complaint.

Plaintiff objections: Plaintiffs are not manufactured the common law, presented the facts about the tracking that's been done by CGHMI continuously for the past 850 days before March 19th i.e from the inception of the ETN and the deviation in the tracking on March 19th. Plaintiffs' requests Defendant in the Doc 23 to present the evidence to the court on the computer program change requests and I don't see that happened. It is not difficult to provide that evidence to the court if the programs are not changed.  Summarizing the plaintiffs request to the defendants in the Doc23

a). CGMHI's software program's direct change requests for the application that tracks the oil index and applications, which buys and sells based on the tracking along with detailed descriptions and associated programmers' names who made these changes from March 1, 2020 to April 2, 2020 be entered into evidence.

b). Transactions made based on the tracking between March 1, 2020 to April 2, 2020 be entered into evidence.

c). Changes made to the software application that interacts with the tracking application and

core business applications between March 1, 2020 to April 2, 2020 be entered into evidence.

d). Quality assurance of these changes between March 1, 2020 to April 2, 2020, detailed descriptions of the quality assurance methods they used and detailed descriptions of the test cases used

e). General ledger transactions between March 1, 2020 to April 2, 2020 be entered into evidence.

f). Does CGHMI comply with the Sarbanes – Oxley act? If so, plaintiffs request the evidence of the controls be entered


Respectfully submitted this 10th day of Aug, 2021

/s/ Umashankar Ravi
Umashankar Ravi, plaintiff

/s/ Saritha Ravi
Saritha Ravi, plaintiff

cc: Samuel J. Rubin, Counsel for Defendant (via ECF and e-mail)