UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMASHANKAR RAVI and SARITHA RAVI,<br><br>      Plaintiffs,<br> v.<br><br>CITIGROUP GLOBAL MARKETS HOLDINGS INC.,<br><br>      Defendant. | No. 1:21-cv-02223-GHW-KNF |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE FOX'S REPORT RECOMMENDING <u>DISMISSAL OF THE AMENDED COMPLAINT</u>**

Defendant Citigroup Global Markets Holdings Inc. ("CGMHI") respectfully submits this response to Plaintiffs' objection (ECF No. 34 (the "Objection")) to Magistrate Judge Fox's report (ECF No. 31) recommending dismissal of Plaintiffs' Amended Complaint (the "Report and Recommendation" or "R&R") pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).[1]

District Courts may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See, e.g.*, *Marotte v. City of New York*, No. 16-cv-8953 (GHW), 2019 WL 1033798, at *1-2 (S.D.N.Y. March 5, 2019) (citing 28 U.S.C. § 636(b)(1)) (Woods, J.). As this Court has observed, although a proper objection to a magistrate judge's recommendation to grant a dispositive motion is reviewed *de novo*, where, as is the case here, the objection "makes only conclusory or general arguments, or simply reiterates the original

---

[1] As set forth in the Report and Recommendation, by Order dated May 11, 2021 and prior to this action's reassignment to this Court, Judge Vyskocil directed Plaintiffs to file an amended complaint and advised Plaintiffs that such an amended complaint would be their "last opportunity to amend the complaint in response to arguments raised in the parties' [pre-motion] letters." *See* R&R at 2-3 (citing ECF No. 18). The Report and Recommendation found that no basis existed for further amendments to the Amended Complaint. *Id.* at 14.

arguments, the Court will review the Report strictly for clear error." *Id.* (citing Fed. R. Civ. P. 72(b)(3); *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citation omitted)).

As this Court has further observed, "even *pro se* objections to an R&R 'must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple simply by relitigating a prior argument.'" *Id.* at 2 (quoting *Milano v. Astrue*, No. 05-cv-6527-KMW-DCF, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (citations omitted) and *Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023-LTS-JCF, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citations omitted)).

There is no clear error in the Report and Recommendation. The Report and Recommendation correctly found that Plaintiffs' "conclusory allegations, that the defendant's tracking was fraudulent because an unidentified person intentionally changed the defendant's software on March 19, 2020, do not suffice to satisfy" (i) the requirements of Rule 9(b) of the Federal Rules of Civil Procedure; (ii) the elements of common law fraud under New York law; or (iii) the elements of a Securities Act of 1933 claim. *See* R&R at 13.

The Objection's arguments concerning a "deviation in the tracking" of UWT ETNs or purported changes to software that "buys and sells based on the tracking" of UWT ETNs (*see* Objection at 1) rehash the same arguments that were rejected in the Report and Recommendation. *See, e.g.*, R&R at 1, 6-7, 12-13. Even if those arguments were evaluated under a *de novo* standard, they would still fail because they are foreclosed by the Pricing Supplement for the UWT ETNs referenced in the Amended Complaint.[2] The Pricing Supplement explained that the "trading price"

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Report and Recommendation. The term "UWT ETNs" refers to the Velocity Shares 3x Long Crude Oil Exchange Traded Notes issued by CGMHI and the term "Pricing Supplement" refers to the prospectus pricing supplement referenced in the Amended Complaint at Paragraph 2.

for the UWT ETNs was a "market determined" price that was "not the same as," and could "vary significantly from," the "Indicative Values" used to calculate the payout for UWT ETNs at redemption. *See* R&R at 3-4 (citing Pricing Supplement at 1, 16-18). The Pricing Supplement further explained that CGMHI was "under no obligation to issue or sell additional ETNs of any series at any time" and was "under no obligation to issue additional ETNs to increase the supply" of UWT ETNs in the secondary market. *Id.* at 8-9 (citing Pricing Supplement at 4, 38).

Accordingly, there is no basis for Plaintiffs' Objection whether it is evaluated under a clear error or *de novo* standard of review.

\*             \*             \*

For the reasons set forth herein, Defendant respectfully requests that the Court overrule Plaintiffs' Objection, adopt Magistrate Judge Fox's Report and Recommendation, and dismiss Plaintiffs' Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).

Dated:  December 22, 2021           Respectfully submitted,
        New York, New York
                                    **GOODWIN PROCTER LLP**

                                    /s/  Samuel J. Rubin
                                    Marshall H. Fishman
                                    Samuel J. Rubin
                                    The New York Times Building
                                    620 Eighth Avenue
                                    New York, New York 10018
                                    Phone:  (212) 813-8800
                                    Fax:  (212) 813-3333
                                    mfishman@goodwinlaw.com
                                    srubin@goodwinlaw.com

                                    *Attorneys for Defendant*
                                    *Citigroup Global Markets Holdings Inc.*