UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
UMASHANKAR RAVI and SARITHA RAVI,    :
:
Plaintiffs,    :
:
-v -    :       1:21-cv-02223-GHW
:
CITIGROUP GLOBAL MARKETS HOLDINGS, :       ORDER ADOPTING REPORT
INC.,    :       & RECOMMENDATION
:
Defendant.    :
:
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/22

## I.  INTRODUCTION

Umashankar Ravi and Saritha Ravi, proceeding *pro se*, brought this action against Citigroup Global Markets Holdings, Inc. ("CGMHI") to recoup losses they allegedly sustained when exchange traded notes they purchased from CGMHI were redeemed by CGMHI.  The Court has received Plaintiffs' objections to the Report & Recommendation (the "Report") issued by Magistrate Judge Kevin Nathaniel Fox.  Because the Court finds that Plaintiffs' objections lack the specificity required by Federal Rule of Civil Procedure 72, the Court reviews the Report only for clear error.  The Court adopts the recommendations of the Report, with the exception of Judge Fox's recommendation that Plaintiffs not be permitted leave to amend, and dismisses Plaintiffs' amended complaint without prejudice.

## II.  BACKGROUND

Plaintiffs filed their complaint on March 14, 2021, Dkt. No. 3, and an amended complaint on May 27, 2021, Dkt. No. 19, alleging common law fraud and violations of the Securities Act of 1933 against CGMHI.  On June 18, 2021, the defendant moved to dismiss the amended complaint. Dkt. No. 22.  Judge Vyskocil presided over this case until August 30, 2021, when it was transferred to this Court.  Judge Fox issued his Report on November 30, 2021, recommending the dismissal of

Plaintiffs' action and denying Plaintiffs leave to amend. Dkt. No. 31. Plaintiffs filed their objections to the Report on December 10, 2021. Dkt. No. 34. Defendant responded to Plaintiffs' objections on December 22, 2021. Dkt. No. 35.

### III.  LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

As with all *pro se* filings, this Court must liberally construe Plaintiffs' objections "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014).

## IV. DISCUSSION

Plaintiffs' objections are not specific. They do not point to a particular finding in Judge Fox's Report. The closest thing to an objection to the Report in Plaintiffs' filing is the following: "Plaintiffs are [sic] not manufactured the common law, presented the facts about the tracking that's been done by CGHMI continuously for the past 850 days before March 19th i.e from the inception of the ETN and the deviation in the tracking on March 19th." Dkt. No. 34. The remainder of Plaintiffs' letter appears to be a list of documents or other evidence Plaintiffs would seek from Defendant in discovery. *Id.* Even liberally construing Plaintiffs' filing to raise the strongest arguments the submission suggests, the Court cannot identify any non-conclusory objection to Judge Fox's Report. Thus, the Court reviews the Report only for clear error.

The Court has reviewed Judge Fox's recommendation that Plaintiff's complaint be dismissed for clear error and finds none. Therefore, the Court adopts Judge Fox's recommendation that Plaintiffs' amended complaint be dismissed.

## V. LEAVE TO AMEND

Because the reasoning provided for Judge Fox's determination that Plaintiffs should not be given leave to amend the complaint was clear error, the Court does not adopt that portion of the Report. Judge Fox made the following statements in the Report:

> The May 11, 2021 order directed the plaintiffs to file an amended complaint, warning that "[t]his will be Plaintiffs' last opportunity to amend the complaint in response to arguments raised in the parties' letters." The plaintiffs proceeding *pro se* failed to correct the deficiencies in their complaint when they filed their amended complaint pursuant to the May 11, 2021 order, despite the warning that "[t]his will be Plaintiffs' last opportunity to amend the complaint in response to arguments raised in the parties' letters." Accordingly, no basis exists to amend the complaint at this stage.

Report at 14.  The Court understands this to be a recommendation that the Court deny Plaintiffs leave to amend.  Plaintiffs did not object to this portion of the Report, so the Court reviews the recommendation to deny leave to amend for clear error.  *Lewis*, 573 F. Supp. at 811.

Judge Fox's recommendation relied exclusively on Judge Vyskocil's order telling Plaintiffs that they had one last opportunity to amend the complaint, and that they must do so before Defendant filed a motion to dismiss.  That was error.  The Second Circuit has held that a district court may not rely upon a pre-motion conference letter as the sole basis for denying a plaintiff leave to replead her claims in the wake of a defendant's successful motion to dismiss.  "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).  "[T]he court treated Plaintiffs' decision to stand by the complaint after a preview of Defendants' arguments—in the critical absence of a definitive ruling—as a forfeiture of the protections afforded by Rule 15. This was, in our view, premature and inconsistent with the course of litigation prescribed by the Federal Rules." *Id.*  While a district court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party[,]" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted), Judge Fox did not rely on any of those justifications in his Report.  Therefore, the Court finds that his reliance upon Judge Vyskocil's order as the sole basis for his recommendation to deny Plaintiffs the opportunity to amend was clear error.

Lacking a valid alternative basis in the Report to deny Plaintiffs leave to amend the Complaint, the Court will grant Plaintiffs leave to replead their claims as contemplated by Rule 15.  "It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The

4

court should freely give leave [to amend] when justice so requires."). Any amended complaint must be filed no later than fourteen days from the date of this order.

## V.     CONCLUSION

For the reasons described above, the Court adopts Judge Fox's Report, with the exception of his recommendation that the Court deny Plaintiffs leave to amend, and dismisses Plaintiffs' amended complaint without prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 22.

SO ORDERED.

Dated: January 10, 2022　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
New York, New York　　　　　　　　　　　　　　　　GREGORY H. WOODS
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge