UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
UMASHANKAR RAVI *and* SARITHA RAVI,      :
:
                    Plaintiffs,      :
:
              -v -        :
:
CITIGROUP GLOBAL MARKETS HOLDINGS, :
INC.,          :
:
                    Defendant.      :
:
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/22

1:21-cv-2223-GHW

ORDER ADOPTING REPORT
& RECOMMENDATION

## I.   INTRODUCTION

Plaintiffs Umashankar Ravi and Saritha Ravi, proceeding *pro se*, brought this action against Citigroup Global Markets Holdings, Inc. ("Citi") to recoup losses that they allegedly sustained when exchange traded notes that Plaintiffs had purchased from Citi (the "ETNs") were redeemed by Citi. On June 1, 2022, Judge Jennifer E. Willis issued a Report & Recommendation, recommending that the Court dismiss Plaintiffs' claims. Because Judge Willis's conclusion that Plaintiffs failed to adequately plead a misrepresentation by Citi is sound, the Court adopts the Report in its entirety and dismisses Plaintiffs' claims with prejudice.

## II.   BACKGROUND

The Court refers to the Report & Recommendation issued by Judge Willis (the "Report"), Dkt. No. 54, for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to this motion.

Plaintiffs filed their initial complaint on March 14, 2021, Dkt. No. 3, and an amended complaint on May 27, 2021, Dkt. No. 19, asserting claims against Citi for common law fraud and violations of the Securities Act of 1933. On June 18, 2021, Citi moved to dismiss the amended complaint. Dkt. No. 22. The Court referred the motion to Judge Kevin Nathaniel Fox. *See* Dkt.

No. 29.  Judge Fox issued a report and recommendation on November 30, 2021, recommending that the Court dismiss Plaintiffs' claims.  Dkt. No. 31.  Judge Fox also recommended that the Court deny Plaintiffs leave to amend the complaint.  *Id.*  The Court adopted the majority of Judge Fox's report and dismissed the claims asserted by Plaintiffs.  Dkt. No. 43.  However, because Plaintiffs had not yet been provided an opportunity to amend their complaint following the issuance of an opinion by the Court, the Court granted them leave to do so.  *Id.*

Plaintiffs filed a second amended complaint on January 23, 2022 (the "SAC").  Dkt. No. 44.  On February 18, 2022, Citi moved to dismiss the SAC.  Dkt. No. 47.  Judge Willis issued her Report on June 1, 2022, recommending that the Court grant Citi's motion to dismiss the SAC.  Judge Willis concluded that Plaintiffs had failed to cure the deficiencies identified in the Court's prior opinion.  They "needed to amend their complaint to state a 'representation of a material fact that was false.'"  Report at 5.  But she noted that the alleged misrepresentation—"that Defendant advertised that the . . . ETNs faithfully tracked the index and that in March 2020 the . . . ETNs stopped doing so"— could only be viewed as such "by selectively reading the Pricing Supplement."  *Id.*  "The Pricing Supplement makes clear that the trading prices for the . . . ETNs were variable and could be influenced by 'unpredictable factors.'"  *Id.*  Judge Willis concluded that because the risk identified by Plaintiffs "was explicitly identified in the Pricing Supplement, it qualifies any statements regarding faithful tracking of the index, and as such eliminates the argument regarding any misrepresentation."  *Id.*

Plaintiffs filed their objections to the Report on June 14, 2022 (the "Objections").  Dkt. No. 55.  The Objections are relatively brief.  The Objections present facts that support Plaintiffs' contention that the ETNs tracked the index regularly until March 2020, when the ETNs ceased tracking the index.  The Objections say nothing about the basis for Judge Willis's conclusion in the Report, however—namely that the Pricing Supplement disclosed the risk, and that, therefore,

Plaintiffs had not pleaded a misrepresentation. Citi responded to Plaintiffs' Objections on June 28, 2022. Dkt. No. 56.

## III.    LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

As with all *pro se* filings, this Court must liberally construe Plaintiffs' objections "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)). "*Pro se* parties are generally accorded leniency when making objections. Nonetheless, even a *pro se*

3

party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06CIV.5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (internal citations omitted).

### IV.   DISCUSSION

Even considered with the leniency afforded to *pro se* litigants, Plaintiffs' objections warrant only clear error review. The Objections are not aimed at any findings in Judge Willis's Report; they do not discuss at all the principal rationale for her decision—namely that the disclosures in the Pricing Supplement undermined Plaintiffs' argument that Citi had made a misrepresentation. Thus, the Objections merit only clear error review. *See Gardine v. McGinnis*, No. 04 CIV 1819 KMW DFE, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006) (reviewing report for clear error where *pro se* litigants' objections, "even considered leniently[,]" were perfunctory, repeated arguments, and did not point out specific errors made by magistrate judge).

But the Report is sound even when reviewed *de novo*. Judge Willis correctly determined that Plaintiffs' alleged misrepresentations could only be viewed as such "by selectively reading the Pricing Supplement." Report at 5. Because the risk identified by Plaintiffs "was explicitly identified in the Pricing Supplement, it qualifies any statements regarding faithful tracking of the index, and as such eliminates the argument regarding any misrepresentation." *Id.*; *see also Y-GAR Cap. LLC v. Credit Suisse Grp. AG*, No. 19 CIV. 2827 (AT), 2020 WL 71163, at *4 (S.D.N.Y. Jan. 2, 2020) (holding that "there cannot be a material misstatement or omission if defendants' statements explicitly disclosed the very . . . risks about which plaintiff claims to have been misled.") (internal quotation marks and brackets omitted). As Judge Willis rightly concluded, Plaintiffs' failure to plead a material misrepresentation is fatal both to their claim for common law fraud and their federal securities fraud

4

claim. *Newman v. Fam. Mgmt. Corp.*, 530 F. App'x 21, 24 (2d Cir. 2013) (summary order) ("The elements of claims for federal securities fraud and New York common law fraud are nearly identical").

The Report also concluded that Plaintiffs had failed "to plead scienter as required by Rule 9(b)." Report at 6. The Objections do not comment at all on that independent basis for the dismissal of Plaintiffs' fraud claims. Therefore, the Court reviews Judge Willis's recommendation with respect to that issue for clear error: the Court finds none.

## V.     LEAVE TO AMEND

Plaintiffs are denied leave to amend the complaint. The Report does not address whether Plaintiffs should be granted leave to replead the complaint yet again. The Court recognizes that it "is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, here, the Court finds good reason to deny leave to amend. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007))). Plaintiffs have already amended the complaint twice, most recently following an opinion of the Court. The Objections interposed to the Report do not suggest any facts that Plaintiffs might add to their pleadings to cure the deficiencies that have been identified by the Court. Accordingly, leave to amend is denied.

## VI.    CONCLUSION

For the reasons described above, the Court adopts the Report in full and dismisses the SAC with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate all outstanding motions, to enter judgment for Defendant, and to close this case.

SO ORDERED.

Dated: August 31, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge